# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

December 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DEBRA LYNN ROBERTSON ) 
THURMAN, ) McMINN CHANCERY
 )
    Plaintiff/Appellee ) NO. 03A01-9707-CH-00261
 )
v. ) HON. EARL HENLEY
 ) CHANCELLOR
WILLIAM GROVER THURMAN, )
 )
    Defendant/Appellant ) AFFIRMED


David L. Valone, Knoxville, for Appellant.
Roger E. Jenne, Cleveland, for Appellee.


## M E M O R A N D U M   O P I N I O N

INMAN, Senior Judge

This is a domestic relations case wherein the judgment ordering the appellant, whose income hovered in a six-figure range, to pay $2,000.00 monthly for the support of two children in accordance with the published guidelines, was affirmed by this Court on October 31, 1995.

He then voluntarily quit his job to begin a private practice and filed a motion to reduce the amount of the support because he projected that his 1996 income would be two-thirds less than he previously earned. This motion was heard on February 8, 1996 and the Chancellor suspended, but did not forgive, one-half of the ordered amount for one year. Arrearages had then accrued, for which execution was stayed for four (4) months.

Appellant thereupon engaged different counsel who filed a motion on

December 5, 1996 seeking to have his support obligation reduced because he earned only $30,000.00 in 1996 as he had forecast in his earlier motion. The Chancellor frustratingly observed that this motion and the evidence to be offered in support of it was identical to the February 1996 motion and would not be heard for a variety of colorful reasons, not the least of which was the significant fact that the one year suspension had not expired, after which the matter would be again scrutinized. The appellant argues that the Chancellor erred in refusing to hear his December 1996 motion.

This is a peculiarly appropriate case for affirmance pursuant to RULE 10, RULES OF THE COURT OF APPEALS,[1] since we concur with the Chancellor's observations and can add nothing of jurisprudential value to the case.

Costs are assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge

---

[1] **Affirmance Without Opinion - Memorandum Opinion.** (b) MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]